# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEHO LIZDE,<br><br>  5443 West Beckton Court<br>  Salt Lake City, UT 84120<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Serve:  Office of the General Counsel<br>         Department of Homeland Security<br>         Mail Stop 3650<br>         Washington, D.C. 20528<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship & Immigration Services<br>         425 I. Street, N.W., Room 6100<br>         Washington, D.C. 20536<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>Serve:  Executive Office<br>         Office of the Legal Adviser<br>         Suite 5.600<br>         600 19th St. NW<br>         Washington, DC 20522<br><br>KIRSTJEN NIELSEN, Secretary of the Department of Homeland Security,<br><br>Serve:  Office of the General Counsel<br>         Department of Homeland Security<br>         Mail Stop 3650<br>         Washington, D.C. 20528<br><br>and; | Case No. 1:18-cv-2597 |

L. FRANCIS CISSNA, Director of the United States Citizenship and Immigration Services,

Serve:  U.S. Citizenship & Immigration
       Services
       425 I. Street, N.W., Room 6100
       Washington, D.C. 20536

Defendants.

### COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS

COMES NOW Plaintiff Meho Lizde to respectfully request a hearing before this Honorable Court to make a determination on Plaintiff's application to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed application to adjust status.

### PARTIES

1. Plaintiff Meho Lizde ("Mr. Lizde") is a citizen of Bosnia.

2. Mr. Lizde is a law-abiding, long-time resident of the United States who was granted refugee status and admitted to the United States in approximately July of 2000.

3. Mr. Lizde resides in Salt Lake City, Utah and within this judicial district.

4. On June 3, 2010, Mr. Lizde filed an application to adjust status to that of a lawful permanent resident.

5. Mr. Lizde successfully completed his biometrics approximately one month after filing his application.

6. Since then, the Defendants have taken no action on the pending adjustment application.

7. Since Mr. Lizde filed his application to adjust status to that of lawful permanent resident, he has completed multiple service requests and status inquiries.

8. In April of 2018, Mr. Lizde received a communication from USCIS stating that he would receive communication or a decision on his application within 60 days. Since that time, no decision or communication has been made despite the fact that more than six months have passed.

9. USCIS has refused to adjudicate Mr. Lizde's application in accordance with applicable legal criteria. Instead, USCIS has applied different rules under a policy known as the Controlled Application Review and Resolution Program ("CARRP"), which has resulted in the agency refusing to adjudicate Mr. Lizde's application.

10. Plaintiff brings this action to compel the USCIS to finally - after **eight** years of waiting - adjudicate his pending applications as required by law.

11. Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the DOS with background and security checks.

12. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

13. Defendant Kirstjen Nielsen, the Secretary of the DHS, is the highest ranking official within the DHS.  Nielsen, by and through her agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA").  Nielsen is sued in her official capacity as an agent of the

government of the United States.

14. Defendant L. Francis Cissna, Director of the USCIS, is the highest ranking official within the USCIS. Cissna is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Cissna is sued in his official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

15. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

16. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

17. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to Mr. Lizde's adjustment of status application.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For their first claim for relief against all Defendants, Plaintiff alleges and state as follows:

18. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

19. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters.  *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

20. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

21. The DOS Consular Electronic Application Center claims that Mr. Lizde's adjustment of status application is currently undergoing "administrative processing."

22. The DOS regularly works with the DHS when carrying out background and security investigations that are delayed by administrative processing.

23. The DHS has a policy, known as the "Controlled Application Review and Resolution Program" (hereinafter sometimes referred to as "the CARRP") that intentionally delays the applications of adherents of Islam due to security concerns.

24. On information and belief, Plaintiff alleges that the Defendants are intentionally delaying a response to the DOS in regard to his adjustment of status application pursuant to the CARRP program.  Plaintiff alleges that this delay is due to him being from a predominantly Muslim country.

25. Upon information and belief, Plaintiff alleges that the DOS is and has been complicit in the delay in processing his adjustment of status application.

26. Since 2008, the Defendants have used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns." CARRP prohibits USCIS field

officers from approving an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

27. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP definition casts a net so wide that it brands innocent, law-abiding residents, like Plaintiff—none of whom pose a security threat—as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

28. Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2012, more than 19,000 people from twenty-one Muslim-majority countries or regions were subjected to CARRP.

29. Plaintiff alleges that his application has been in administrative processing beyond a reasonable time period for completing administrative processing of his adjustment of status application.

30. The combined delay and failure to act on Mr. Lizde's adjustment of status application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

31. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

32. Plaintiff has exhausted all administrative remedies available to him in pursuit of a resolution of this matter, including repeatedly requesting the processing of his case with the USCIS, the State Department and the National Visa Center.

**SECOND CLAIM FOR RELIEF**

**(Violation of Right to Due Process of Law)**

For their second claim for relief against all Defendants, Plaintiff alleges and states as follows:

33. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

34. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

35. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

36. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff in that he has been denied the opportunity to apply for citizenship, he has not been able to claim lawful permanent resident status, he has not been able to sponsor family members for residence in the U.S. and in various other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Meho Lizde requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

3. Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiff' immigration benefit application;

4. Order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Mr. Lizde's application to adjust status within sixty days;

6. That this Honorable Court take jurisdiction of this matter and adjudicate Mr. Lizde's application to adjust status pursuant to this Court's declaratory judgment authority;

7. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Mr. Lizde;

8. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to accelerate processing of the application to adjust status;

9. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

10. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
this 10th day of November, 2018

**/s/ James O. Hacking, III**
James O. Hacking, III
Hacking Law Practice, LLC
10900 Manchester Rd., Suite 203
Kirkwood, MO 63122

(O) 314.961.8200  
(F) 314.961.8201  
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFF**